UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELDON MARSH,

Plaintiff,

v.

WILLIAM BLUM, et al.,

Defendants.

25 Civ. 8372 (DEH) (SLC)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Sheldon Marsh, proceeding pro se, brings claims for fraud and breach of fiduciary duty against his attorney William Blum and the law firm of Solomon Blum Heymann LLP (together, "Defendants"), arising from Defendants' preparation and submission of a federal tax return to the Internal Revenue Service ("IRS") for the estate of his late grandmother Evelyn A. Marsh (the "Estate"), of which Mr. Marsh is the administrator and beneficiary. On July 16, 2026, Magistrate Judge Sarah L. Cave issued a Report and Recommendation (the "Report" or the "R. & R.") on Defendant's Motion to Dismiss, ECF. No. 23. *See* Report, ECF. No. 79. The Report recommends that the motion be granted and that the First Amended Complaint ("FAC"), ECF No. 9, be dismissed without leave to amend. *See* Report.

The parties timely filed their respective objections on July 30, 2026. *See* Defs.' Objs., ECF. No. 80; Pl.'s Objs., ECF. No. 82-1.[1] As explained below, the Report's recommendation to dismiss the FAC without leave to amend is **ADOPTED** and the Motion to Dismiss is **GRANTED**.

---

[1] Concurrently with his Objections to the Report, which are more than 11,000 words in length, Mr. Marsh also filed a motion for leave to exceed the word limit of 3,500 words. Although this request seeks almost triple the length typically permitted, in light of the special solicitude afforded to pro se litigants, the motion is granted *nunc pro tunc*.

## LEGAL STANDARDS

### I. Report and Recommendation

United States Magistrate Judges may "hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation." *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013).[2] A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" when reviewing a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Parties may file "written objections" to the magistrate judge's "proposed findings and recommendations." *id.*; *see* Fed. R. Civ. P. 72(b) (same). In reviewing objections, "the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made." *Vaccariello*, 295 F.R.D. at 67. The district judge has discretion when weighing the recommendations and proposed findings. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) (holding that the "delegation does not violate Art. III so long as the ultimate decision is made by the district court").

When there is no timely objection by either party, the district court may accept the report and recommendation if "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). If a party "makes only conclusory or general objections, or simply reiterates the original arguments, the [c]ourt will review the [r]eport strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 6 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

---

[2] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

**II. Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing the complaint, "[a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. The Court must, however, disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**DISCUSSION**

Familiarity with the facts and background of this case as set forth in the Report at 2-5 is presumed.[3] With respect to substance, the Report concluded that, among other things, Mr. Marsh's claims are time-barred. *See id.* at 18-20 (fraud claim with six-year statute of limitations, or two years from when it could have been discovered with reasonable diligence); *id.* at 25 (breach of fiduciary duty claim with three-year statute of limitations). As the Report notes at 17, "[a] fraud claim accrues at the time the fraud is committed, i.e. at the time the defendant makes a knowingly false statement of fact with the intent to induce reliance on that statement." *Kwan v. Schlein*, 441 F. Supp. 2d 491, 504 (S.D.N.Y. 2006). Where, as here, "the plaintiff sues more than six years after he was allegedly defrauded, he 'bear[s] the burden of establishing that the fraud could not have been discovered before the two-year period' prior to bringing the suit." Report at 17 (quoting *Wen v. N.Y.C. Reg'l Ctr., LLC*, No. 23-7506, 2024 WL 4180521, at *1 (2d Cir. Sep. 13, 2024). "Where the circumstances are such as to suggest to a person of ordinary intelligence the probability that he

---

[3] The Court notes that, as Defendants acknowledge, there are some factual errors in the Report regarding facts including the date of Evelyn Marsh's death (2008, not 2016). *See* Defs.' Resp. to Pl.'s Obj., ECF No. 85, at 3. Such errors, however, are immaterial to the Court's Order.

has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him." *Guilbert v. Gardner*, 480 F.3d 140, 147 (2d Cir. 2007).

This suit was brought in 2025, and Mr. Marsh has not met his burden of showing that the fraud could not have been discovered during the two-year period before then. As the Report notes,

> Here, Mr. Marsh became the administrator of the Estate in 2009, meaning that beginning in 2009, he owed fiduciary duties to the Estate and its beneficiaries. (Dkt. No. 9 at 2 ¶¶ 9-10). *See Golobe v. Mielnicki*, 44 N.Y.3d 86, 93 (2025) ("[A]dministrators owe fiduciary duties to the estate and its beneficiaries."). Mr. Marsh further alleges in the FAC that in 2016, . . . "the Trust property should have been distributed" and he should have received statutory trustee commissions of approximately $950,000 under New York law[,]" but "[b]ecause of Defendants' fraudulent filing and the resulting IRS claim, that distribution could not occur and the commissions remain unpaid." (Dkt. No. 9 at 2 ¶ 14). Therefore, Mr. Marsh knew, in 2016, when the Trust property was not distributed and he did not receive his commission, "the probability that he ha[d] been defrauded," thus imposing a "duty of inquiry" on him. *Guilbert*, 480 F.3d at 147.

Report at 19.

Mr. Marsh contends that this was error, arguing that it "conflates knowledge of harm with knowledge of fraud," which "are not the same thing," and that he did not have knowledge of the latter until May 2025. Pl's Obj. at 7. He repeatedly notes that the FAC does not allege that he had actual knowledge of the fraud in 2016. *See id.* at 6 (stating that the FAC at ¶ 14 "does not state what Mr. Marsh knew" of the fraud); *id.* (stating that the same paragraph of the FAC "does not identify when Mr. Marsh learned that the filing was fraudulent"); *id.* at 7 (stating that the Report "converts the date of one injury into the date of Mr. Marsh's knowledge"); *id.* (stating that nothing in the FAC "states what he knew, or dates knowledge of fraud to 2016").

But the Report addressed this point. *See* Report at 19-20. The Report did not conclude that he had actual knowledge of the fraud by 2016. Rather, the Report noted that, by Mr. Marsh's own allegations, he knew in 2016 that he should have received "statutory trustee commissions of approximately $950,000." *Id.* at 19. He further alleges that he did not receive the commissions

"because of Defendants' fraudulent [tax] filing." *Id.* (internal quotation marks and citation omitted). Regardless of whether he was actually aware of the fraud at that point, the failure to receive his commissions put him on inquiry notice—and given Mr. Marsh's failure to conduct a reasonable investigation that "would have developed the truth," "knowledge of the fraud will be imputed to him" as of 2016, rendering his claims in this 2025 action time-barred. *Guilbert*, 480 F.3d at 147.

In response, Mr. Marsh points to his proposed Second Amended Complaint, where he alleges that he "'relied on Defendants' professional representations as his legal counsel' and, as a direct result, 'did not distribute Trust property.'" Pl.'s Obj. at 10 (quoting proposed Second Amended Complaint ("SAC"), ECF No. 38 at ¶¶ 15, 28)). That is, Mr. Marsh alleges that he "had no independent basis to question a tax position taken by his own attorney in the course of that representation, particularly one taken by a lawyer whom Defendants themselves describe as having decades of experience in federal estate and tax law." SAC ¶ 28. Even if Mr. Marsh relied on his attorney's representation, the Report noted that such reliance would still not survive New York's heightened pleading standard. Report at 30. Furthermore, such alleged reliance neither negates Mr. Marsh's inquiry notice nor discharges his duty to make a reasonable investigation. Mr. Marsh himself acknowledges that he had "knowledge of harm" in 2016. Pl.'s Obj. at 5, 7. And "[f]or common law fraud claims in New York, the two-year discovery period begins to run when a plaintiff has actual or inquiry notice of his injury." *Langhamer v. Johnson*, No. 22 Civ. 5404, 2023 WL 6691017, at *14 (S.D.N.Y. Oct. 12, 2023). While he may not have known *why* the harm occurred, he knew *that* he was harmed. And as the Report explains, under the facts of this case, this was sufficient to create a duty to make a reasonable investigation. *See* Report at 19-20. Put simply: Mr. Marsh knew something was wrong as of 2016; he cannot say that he discharged his duty of inquiry by simply trusting his counsel, and he points to no authority for that proposition.

A plaintiff seeking to sue more than six years after allegedly being defrauded "bear[s] the burden of establishing that the fraud could not have been discovered before the two-year period' prior to bringing the suit." *Wen*, 2024 WL 4180521, at *1. Mr. Marsh makes no allegations that could carry that burden here.

Mr. Mash's breach of fiduciary duty claim fails for the same reason—whether applying a six-year statute of limitations with a two-year discovery rule, as Mr. Marsh urges; or a three-year limitations period applicable to legal malpractice claims, as Defendants urge. *See* Report at 24-25.[4]

Accordingly, the Court concludes that Mr. Marsh's claims are time-barred. Neither party objects to the Report's recommendation that, if dismissal is granted, it should be without leave to amend. *See* Report at 27-31. The Court has reviewed that portion of the Report, and finds no error in it, clear or otherwise. Because amendment would be futile, leave to amend is denied, and the claims are dismissed with prejudice. *Cf. Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (dismissal with prejudice is appropriate where a plaintiff is "unable to allege any fact sufficient to support [his] claim").

[4] Because the Court adopts the Report's recommendation that Mr. Marsh's claims be dismissed as time-barred, it does not address the remainder of his objections, most of which concern the Report's conclusion that he has failed to state a claim for fraud under Rule 12(b)(6). The Court also declines to consider Defendants' Objection to the Report's conclusion that, but for the claim's untimeliness, Mr. Marsh has adequately stated a breach of fiduciary duty claim for purposes of Rule 12(b)(6). *See* Defs.' Obj., ECF . No. 80. Defendants argue that this claim should be analyzed as a claim for legal malpractice, which would subject it to three-year statute of limitations period (rather than six years with a two-year discovery rule), meaning that the claim would have accrued in 2009, and have become untimely as of 2012. Because the Court concludes that the claim is untimely either way, this point is moot, and the Court does not address it.

## CONCLUSION

For the reasons stated above, the First Amended Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to close ECF No. 23, and to close this case.

SO ORDERED.

Dated: September 15, 2026

New York, New York

DALE E. HO
United States District Judge